(No. 4735- 

ROBERT S. KAY AND JANET KAY, Claimants, *vs* STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1965.*

FRIEDLUND, LEVIN AND FRIEDLUND, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN, Assistant Attorney General, for Respondent.

DOVE, J.

The complaint in this case was filed on August 1, 1956, and arises out of a collision, which occurred at 7:00 A.M. on July 5, 1955 at the intersection of Cicero and Grand Avenues in the City of Chicago, Illinois. Cicero Avenue runs in a north-south direction, and Grand Avenue runs east and west. The traffic is controlled at this intersection by the usual red, yellow and green electric traffic signals.

Robert Kay testified that he was a certified public accountant at the time of the accident. On the date of the

accident the weather was clear, and the sun was shining brightly. Claimant was driving his 1953 Chevrolet Sedan in a southerly direction on Cicero Avenue in the innermost lane of travel. He was accompanied by his wife, who was sitting in the front seat on the passenger side.

As the traffic signal turned red for his lane of traffic, claimant stopped his car at the intersection, and noticed cars were stopped across the intersection on Cicero Avenue waiting to proceed north. While he was making his stop he noticed a National Guard truck going through the intersection, and, as he glanced to his left down Grand Avenue, he observed two other National Guard trucks coming west, which were traveling at a speed of approximately 35 to 40 miles an hour. About the time the traffic lights governing west-bound traffic changed to yellow, the second truck went through the intersection, and the third truck was 50 to 75 feet behind the second truck. After the north-south lights had changed to green, an Oldsmobile, which was being driven by William Rawle, proceeded north from the south side of the intersection, and, as the Rawle car arrived at the center of the intersection, it was struck by the truck driven by Sergeant Lucente. As a result, the Rawle vehicle was shoved into the front of claimant's car.

Claimant, Robert S. Kay, testified that his left arm and leg were bruised, his mouth was lacerated on the inside and outside, and his nose was broken. He and his wife were taken to St. Anne's Hospital, where twenty-five stitches were applied to cuts about his mouth. He still has a visible scar ½ inch below his lower lip, which is 1 to 1¼ inches long. He further testified that since the accident he has had frequent colds and a sinus condition. The discomfort of his left arm and leg lasted for two weeks, and he experienced frequent headaches, which were rather severe for the first week or two. He also testified that he could not eat solid foods for

one week, but returned to normal eating habits within four weeks; and, that he was unable to return to work for four days, but continued to receive his salary while he was absent.

Janet Kay testified that on the day in question she was a secretary for a law firm. Her testimony corroborates the testimony of her husband. She further testified that she was four months pregnant at the time of the accident, but she gave birth to a normal, healthy baby in the usual time, and since the date of the accident has given birth to two other children. Her testimony discloses that her knees were cut and bruised as a result of the accident, but apparently no stitches were required. She left the hospital with her husband, and returned home. She was away from her work for four days following the accident, but her employer paid her during that time.

Dr. Leslie A. Schier testified that he is a physician and surgeon, resides in Evanston, Illinois, and specializes in diseases of the ear, nose and throat. He stated he first saw claimant professionally in 1959, and an examination at that time revealed a fractured nasal septum (membranous wall dividing two cavities), which was a few years old; that the septum was deviated by the fracture, and obstructed the nose; and, that he recommended surgery for this condition at a cost of $335.00.

Dr. Schier stated he only saw Mr. Kay on two occasions. The second time was on April 9, 1963, fifteen days before the hearing. On this last occasion he noted a possible sinus infection on the left side of Mr. Kay's nose, which was probably caused by the deviated septum, Dr. Schier suggested surgery of the deviated septum, conservative treatment of the sinus, and, if this failed to clear up the sinus infection, then surgery of the sinus at an additional cost of $550.00.

Sergeant Lucente testified that he was 32 years old at

the time of the hearing. He had joined the National Guard in 1947, and, on July 5, 1955, was driving the third truck in a convoy west on Grand Avenue in the inner lane. The headlights of the truck were on when he left the Armory at 2653 West Madison Street, Chicago, Illinois. He was traveling about 25 to 30 miles per hour at a distance of approximately 120 feet behind the truck immediately in front of him. He further testified that the first National Guard vehicle went through the intersection on the green light, the second one went through on the caution light, and he was going through during the process of the light changing from caution to red. He was "blowing the horn" on the truck, as he approached the intersection.

Sergeant Lucente further testified that, as he approached the intersection, an Oldsmobile was coming from the south, and entered into the intersection. He applied his brakes, turned his steering wheel to the left, but was unable to avoid a collision with the Oldsmobile, which was more than half-way through the intersection.

The facts in the instant case show that claimant was in his proper lane of traffic, and was exercising due care as an ordinarily prudent person would have done under similar circumstances.

Taking all of the facts and circumstances into consideration, the necessary conclusion in this case is that claimants did not contribute to the accident in any way, but that Sergeant Lucente, driver of the National Guard truck did not at the time of the accident have proper management and control of his vehicle, and, by not having proper management and control of his vehicle, caused the damage to claimant's car, as well as the personal injuries to claimants, Janet Kay and Robert S. Kay. (*Hutchinson* vs. *State of Illinois*, 24 C.C.R. 99.)

We are of the opinion that claimant, Janet Kay, should

recover as damages, including pain and suffering, the sum of $500.00; and claimant, Robert S. Kay, should recover as his damages, including pain and suffering, and for any permanent damages, as well as for property damages, the sum of $3,750.00, making a total award of $4,250.00.

Claimants have recovered from William Rawle on a covenant not to sue the sum of $1,000.00, which should be deducted from the above amount, leaving a balance of $3,250.00.

It is, therefore, the order of this Court that the sum of $3,250.00 be awarded to claimants, Robert S. Kay and Janet Kay.